1
2
3                        UNITED STATES DISTRICT COURT
4                              DISTRICT OF NEVADA
5                                      * * *
6    ROBERT WHITE,                          Case No. 3:25-cv-00089-MMD-CLB
7                          Petitioner,                       ORDER
8           v.
9    STATE OF NEVADA, *et al.*,
10                         Respondents.
11

12          Pro se Petitioner Robert White filed a petition for writ of habeas corpus under 28

13   U.S.C. § 2254 ("Petition"), and following the Court's initial review of the Petition, White

14   was ordered to show cause why his Petition should not be dismissed with prejudice as

15   untimely. (ECF Nos. 1, 4.) White timely complied. (ECF No. 11.) For the reasons

16   discussed below, the Court dismisses the Petition with prejudice as untimely.

17   **I.       BACKGROUND**[1]

18          White challenges a conviction and sentence imposed by the Second Judicial

19   District Court for Washoe County ("state court"). On October 1, 1999, the state court

20   entered a judgment of conviction, convicting White of second-degree murder. White was

21   sentenced to life in prison with the possibility of parole after 10 years. White did not appeal

22   his judgment of conviction. On June 11, 2024, White filed a state habeas petition. The

23   state court denied the petition, White appealed, and the Nevada Court of Appeals affirmed

24   on January 31, 2025. *See White v. State*, No. 88990-COA, 2025 WL 366083, *1 (Nev.

25   App. Jan. 31, 2025). White is currently on parole.

26   _____
27          [1] The Court takes judicial notice of the online docket records of the Second Judicial
     District Court and Nevada appellate courts. These docket records may be accessed at:
     https://www.washoecourts.com/Query/DetailedCaseSearch and
28   http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On February 14, 2025, White filed his Petition, asserting that the Department of Parole and Probation did not make its sentencing recommendation on a standard set forth in any regulation in compliance with its statutory mandate, resulting in inaccurate and subjective content being considered by his sentencing judge in violation of his due process rights. (ECF No. 1.)

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period (365 days) begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* at § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Because White did not file a direct appeal to the Nevada appellate courts challenging his judgment of conviction, his conviction became final on the date in which the time for seeking direct review expired: November 1, 1999. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (stating that when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day on November 2, 1999. Accordingly, the limitations period expired 365 days later on

November 2, 2000. Although White filed a state habeas petition on June 11, 2024, it was filed after the AEDPA clock had already expired. As such, White's state habeas petition could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, White filed his Petition more than 24 years after the AEDPA limitation period expired.

In his response to the order to show cause, White contends that his one-year limitations period began running on a later date. (ECF No. 11.) Specifically, White argues that the "essential facts and information were not previously available to him" until the Nevada Court of Appeals decided *Vasquez v. State*.[2] (*Id*. at 1.) White fails to demonstrate that delayed accrual—even if deemed appropriate under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), which the Court does not find—would affect the timeliness of his Petition given that (1) the operative start date of his AEDPA limitations period would be the date *Vasquez* was decided, (2) *Vasquez* was decided in 2020, and (3) White did not seek habeas relief within a year of *Vasquez* being decided. *See Dodd v. United States*, 545 U.S. 353, 360 (2005) (concluding that, under the similar provision in 28 U.S.C. § 2255(f), the one-year limitations period started running on the date in which the Court initially recognized the right asserted). As such, the Court finds that White's Petition is untimely and dismisses it with prejudice.

### III.    CONCLUSION

It is therefore ordered that the Petition (ECF No. 1) is dismissed with prejudice as untimely.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

---

[2]In *Vasquez v. State*, the Nevada Court of Appeals remanded the case to the district court, concluding that it "abused its discretion by sentencing Vasquez without due consideration to his objections to the PSI." No. 79409-COA, 2020 WL 4696206, *1 (Nev. App. Aug. 12, 2020).

It is further ordered that the Clerk of Court add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[3] informally serve the Nevada Attorney General with the Petition (ECF No. 1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's office, enter final judgment, dismissing this action with prejudice, and close this case.

DATED THIS 11th Day of April 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3]No response is required from Respondents other than to respond to any orders of a reviewing court.

4